UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMIE MOBLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV1701 DJS |
| ) | (TIA) |
| STEVE LARKINS,[1] ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Missouri state prisoner Jimmie Mobley's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 (filed November 24, 2006/Docket No. 1). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On January 20, 2004, Petitioner entered a guilty plea in the Circuit Court of St. Louis County, Missouri, to first-degree robbery. (Resp. Exh. A at 11, 15-24). The circuit court sentenced Petitioner to thirteen years' imprisonment concurrent with any other sentences he was presently serving in the Missouri Department of Corrections. (Resp. Exh. A at 12-14). Petitioner thereafter filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035. (Resp. Exh. A at 35-40). On December 17, 2004, Petitioner's appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct Judgment. (Resp. Exh.

---

[1]Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. Inasmuch as Steve Larkins, the Superintendent of Eastern Reception, Diagnostic and Correctional Center, is Petitioner's custodian, Steve Larkins should be substituted for James Purkett as the proper party respondent in this cause. 28 U.S.C. §2254(a).

A at 46-67). The post-conviction relief court denied Petitioner's amended motion without an evidentiary hearing on May 10, 2005. (Resp. Exh. A at 70-77). On April 18, 2006, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief. (Resp. Exh. D; Mobley v. State, 189 S.W.3d 652 (Mo. Ct. App. 2006)). Petitioner pursued no other action in state court. The instant petition for writ of habeas corpus, received by this Court on November 24, 2006, was filed on November 24, 2006, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center, in Bonne Terre, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises one ground for relief: ineffective assistance of trial counsel for failing to properly advise Petitioner about his possible defenses to first-degree robbery and for advising him that if he went to trial there was a minimal chance that he would have been convicted of second-degree murder. In response, Respondent contends that Petitioner has exhausted his claim inasmuch as it has been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present this claim.

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 125 S.Ct. 1432, 1438 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

As an initial matter, the undersigned notes that the Missouri Court of Appeals summarized the facts regarding the issue on appeal as follows:

> On January 20, 2004, Movant pled guilty to first-degree robbery, in violation of Section 569.020. Section 569.020 states the following:
>
>> 1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,
>> (1) Causes serious physical injury to any person; or
>> (2) Is armed with a deadly weapon; or
>> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
>> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.
>
> The State charged Movant under Section 569.020(3).
>
> During his guilty plea hearing on January 20, 2004, Movant admitted that on February 28, 2003 he forcibly stole U.S. currency from the possession of Spirit of St. Louis Credit Union and in the course thereof threatened the immediate use of a dangerous instrument against Dominique Quinn ("Quinn"), a teller employed by the

credit union. During the hearing, the following conversation occurred:

Court:... What was the weapon that you threatened or -

Movant: A note.[2]

Court: You threatened a weapon with a note? You said you had a weapon, is that what is[*sic*] was?

[Plea counsel]: The note said, "I have a gun."

Court: Okay. All right. [Movant], based on what you have told me, are you stating and admitting that you're guilty voluntarily and of your own free will because you actually committed this robbery first-degree?

Movant: Yes.

The court accepted Movant's plea and deferred his sentencing to March 2004.

On March 18, 2004, during Movant's sentencing, the following conversation occurred between Movant and the sentencing court concerning Movant's satisfaction with his plea counsel:

Court: With respect to [your plea counsel], have you told him all the facts and circumstances surrounding this charge?

[Movant]: Yes, sir.

Court: Do you believe he has fully advised you of all legal aspects of your case, including your legal rights and the possible consequences of your plea of guilty?

[Movant}: Yes, sir.

Court: Has he refused to do anything you wanted him to do?

[Movant]: No.

Court: Has he answered your questions?

[Movant]: Yes.

---

[2]According to the State, Movant presented a note to Quinn that read, "I have a gun I will kill you have 5 seconds give me all the money."

- 4 -

Court: Given you enough time to discuss the case?

[Movant]: Yes, sir.

Court: Do you have any complaints or criticisms of the services?

[Movant]: No, sir.

Court: Are you satisfied with his services?

[Movant]: Yes.

Court: Before I accept your plea of guilty, do you think that you or [your plea counsel], or somebody else on your behalf, still needs to do further investigation into the case, such as looking for witnesses or evidence of some kind?

[Movant]: No, sir.

\* \* \*

Court: ...[Plea counsel] and his firm, did they do things you wanted them to do as far as looking into your case, preparing it, and putting it in the best position as far as you could tell for disposition?

[Movant]: Yes, sir.

Court: Other than the negotiations which they tried to work out with the State, did [plea counsel] ever make any threats or promises to you in order to force you to enter your plea of guilty?

[Movant]: No, sir.

Court: Based on those answers, the court will find there's not probable cause or prima facie basis for ineffective assistance of counsel.

The court sentenced Movant to thirteen years of imprisonment.

On August 26, 2004, Movant timely filed his *pro se* motion to vacate, set aside or correct the judgment under Rule 24.035. Counsel was appointed on September 15, 2004. On September 28, 2004, counsel entered her appearance and requested an additional 30 days to file an amended motion, which the court granted. On December 17, 2004, Movant filed an amended motion alleging that plea counsel was ineffective for failing to advise Movant of all possible defenses to the charge.

On January 21, 2005, the motion court heard the parties informally in chambers. On May 10, 2005, the motion court entered findings of fact and conclusions of law denying Movant's claim and request for an evidentiary hearing.

In Movant's sole point on appeal, he claims that the motion court erred in denying his post-conviction claim that his plea counsel was ineffective for failing to advise Movant of all possible defenses to first-degree robbery and for advising him that if he went to trial there was a minimal chance that he would be acquitted.

(Resp. Exh. D at 2-5). Inasmuch as Petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

In the sole ground for relief, Petitioner contends that he was denied effective assistance of counsel by failing to properly advise Petitioner about his possible defenses to first-degree robbery and for advising him that if he went to trial there was a minimal chance that he would have been convicted of second-degree murder.

Petitioner raised this claim of ineffective assistance of counsel on appeal of his post-conviction relief. (Resp. Exh. B). The Missouri Court of Appeals denied Petitioner's claim finding that Petitioner had admitted all the elements necessary for the State to prove that he committed first-degree robbery and thus his plea counsel could not be found to be ineffective for informing him there was a slim chance that a jury would acquit him of first-degree robbery. (Resp. Exh. D at 4-7). Further, the Court of Appeals found his counsel not to be ineffective for failing to inform Petitioner that if he decided to go to trial the jury could be instructed on the lesser-included offense of second-degree robbery. In relevant part, the Missouri Court of Appeals opined as follows:

> To prevail on his claim of ineffective assistance of counsel, movant must show his counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and movant was prejudiced thereby. *Savage v. State*, 114 S.W.3d 455, 457 (Mo. App. E.D. 2003). To establish prejudice, movant must show a reasonable probability that, but for counsel's unprofessional errors, he would have pleaded not guilty and insisted upon going to trial. *Id.* After entering a

guilty plea, a claim of ineffective assistance of counsel is material only to the extent it affected the voluntariness or understanding with which the plea was entered. *Id.*

The defendant has a heavy burden or proving ineffective assistance. *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001). In order to overturn a conviction or a death sentence for ineffective assistance, the defendant must first show that his attorney's conduct fell below an objective standard of reasonableness and second that his attorney's errors prejudiced his case. *Id.* There are two separate requirements embodied in this analysis. *State v. Clay*, 975 S.W.2d 126, 135 (Mo. banc 1998). First, plea counsel must have "fail[ed] to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances." *Id.* Second, prejudice must be established through showing "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* If either requirement is not met, then a claim for ineffective assistance will fail. *Id.*

A guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea. *Bequette v. State*, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005). A plea must not only be a voluntary expression of the defendant's choice; it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. *Id.*

First, Movant asserts that his plea counsel was ineffective for advising him to plead guilty, rather than proceeding to trial. Movant claims that because plea counsel advised him that he had "a zero percent chance that a jury would find him not guilty of first-degree robbery was wrong and unreasonable," Movant "plead guilty to the offense unintelligently, unknowingly, and hence, involuntarily."

An attorney's mere prediction of a sentence or of punishment the court will impose does not necessarily constitute coercion which renders a guilty plea involuntary. *White v. State*, 954 S.W.2d 703, 706 (Mo. App. W.D. 1997). Indeed, an able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies. *Id.* It is the duty of counsel to advise a client of the possible consequences of trial so that the client may make an informed decision as to whether to accept or to reject a plea agreement. *Ayres v. State*, 93 S.W.3d 827, 834 (Mo. App. E.D. 2002). Advice that the State's case is strong or that conviction is likely does not vitiate a plea of guilty. *Green v. State*, 777 S.W.2d 295, 298 (Mo. App. S.D. 1989).

During the plea hearing, Movant admitted to all the elements necessary for the State to prove that he committed first-degree robbery. Movant admitted that he forcibly stole U.S. currency in the possession of Spirit of St. Louis Credit Union. In

addition, Movant stated that in a note, he threatened use of a gun.  Since Movant admitted to all the elements of first-degree robbery, we cannot say that Movant's plea counsel's advice was unreasonable or prejudicial.  In fact, plea counsel's advice that conviction was likely did not vitiate a plea of guilty.  As such, plea counsel cannot be said to be ineffective for informing Movant that Movant there was a slim chance that a jury would acquit him of first-degree robbery.

Second, Movant argues that his plea counsel was ineffective for failing to inform him that if he decided to go to trial the jury could be instructed on the lesser-included offense of second-degree robbery, Section 569.030.  During the plea hearing, the court explained to Movant the consequences of pleading guilty.  The following conversation took place during the plea hearing:

Court: Do you understand when you plead guilty, one thing you give up is a right to a jury trial?  Do you understand that?

Movant: Yes.

Court: Let me talk to you briefly about that.  When you give up the right to a jury trial, you give up the right to have twelve people agree that you're guilty before they could find you guilty; the right to have [plea counsel] represent you in the trial; the right to have the jury instructed throughout the trial that you're presumed to be innocent and the State has the burden to prove you guilty beyond a reasonable doubt; the right to testify or not testify, with no comment being made about the fact that you're not testifying; the right to call, subpoena and cross-examine witnesses; the right to appeal any adverse judgment that would come out of the trial to some other court.

Those are all the specific legal rights involved with a jury trial that you give up when you plead guilty.  Do you understand that?

Movant: Yes.

Considering plea counsel's advice to Movant in conjunction with the discussion Movant had with the court during his plea hearing, we cannot say that plea counsel's advice that a jury would likely convict him caused Movant to "plead guilty to the offense unintelligently, unknowingly, and hence, involuntarily."  When a movant understands that by pleading guilty he is waiving the right to a jury trial, the movant does not have a right to be specifically informed of each detail of the trial by jury that he is waiving.  *Wedlow v. State*, 841 S.W.2d 214, 217 (Mo. App. W.D. 1992).  The record reflects that Movant understood and waived his right to a jury trial and that he pled guilty because he was guilty.

> Furthermore, Movant's reasoning runs counter to the reasoning and holding of *State v. Steffenhagen*, 671 S.W.2d 344, 346 (Mo. App. E.D. 1984), a factually similar case. In *Steffenhagen*, the defendant entered a bank and handed a note to the teller reading: "I want $800. This is a robbery. I have a .38 special in my pocket, so don't do anything funny." *Id.* at 345. The teller activated a silent alarm and gave the defendant $1000. *Id.* The defendant, who was unarmed, was apprehended a short distance outside the bank. *Id.* The thrust of the first-degree robbery statute is to encompass those situations where the victim is placed *either* in unusually great danger *or* fear of bodily injury. *Id.* at 346. The court found that a lesser included offense instruction was not warranted because the facts did not support a conviction on the lesser included offenses of second-degree robbery and stealing. *Id.* There was only evidence that defendant received the money as a result of threatened use of a .38 special. *Id.* The court held that under such circumstances the lesser included offense instructions were properly refused. *Id.* at 346-47.
>
> Similar to the defendant in *Steffenhagen*, Movant admitted that he received money as a result of the threatened use of a gun. Consequently, we cannot say Movant's plea counsel was ineffective for failing to inform Movant of the possibility that the jury could be instructed on the lesser-included offense because under *Steffenhagen* this court held that a lesser included offense (second-degree robbery and stealing) instruction was not warranted. Although Movant plead guilty to first-degree robbery and never went to trial, even if he had gone to trial, a lesser included offense instruction was not warranted, as this court found in *Steffenhagen*. Thus, Movant's plea counsel was not ineffective because his failure to inform Movant of a lesser included offense instruction was neither unreasonable nor prejudicial.

(Resp. Exh. D at 6-10).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that in order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The crucial issue is whether the petitioner suffered material prejudice due to counsel's alleged deficient performance. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). In order to show prejudice, Petitioner must establish that there is reasonable probability that but for trial counsel's unprofessional errors, the result of Petitioner's trial would have been different. Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In evaluating the probability of a different result, the court must consider the totality of the evidence. Id., 466 U.S. at 695. Rather than second-guessing counsel's actions with the benefit of hindsight, the reviewing court must examine counsel's decisions with a high degree of deference. Id., 466 U.S. at 689; White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (the court "must resist the temptation to use hindsight to require that counsel's performance have

been perfect. Only reasonable competence, the sort expected of the 'ordinary fallible lawyer' ... is demanded by the Sixth Amendment") (internal citation omitted). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). Furthermore, even if Petitioner show counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. Petitioner must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him his right to a fair trial. Id. Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the "strong presumption" that the challenged action might be considered sound trial strategy. Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." Id. In deciding a claim of ineffective assistance of counsel, the court must examine the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and then "determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 691. In order to satisfy the prejudice prong, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have

been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

In addressing the claim, the Court of Appeals determined Petitioner not to have shown a reasonable probability of a different result. Indeed, the court found that counsel's advise to be neither unreasonable nor prejudicial inasmuch as Petitioner admitted to all the elements necessary for the State to prove that he committed first-degree robbery. Likewise, the instruction as to the lesser included offense of second degree robbery would not have been warranted under the facts of the case and under Missouri law inasmuch as Petitioner received money as a result of the threatened use of a gun. For the following reasons, counsel's actions were neither contrary to, nor involved an unreasonable application of clearly established federal law, and Petitioner's claim will be denied.

In the instant claim of ineffective assistance of counsel, Petitioner specifically contends that he received ineffective assistance of trial counsel in that counsel advised him to plead guilty and failed to advise him regarding the possibility of instructing the jury of the lesser included offense of second degree robbery. During his plea hearing, Petitioner admitted to all the elements necessary for the State to prove that he committed first-degree robbery. Under Missouri law, the instruction for the lesser included offense of second degree robbery would not be warranted. In addressing the claim, the Missouri Court of Appeals determined that counsel's advise that he had "a zero percent chance that a jury would find him not guilty of first-degree robbery" did not vitiate his plea of guilty, and the court could not find that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the circumstances. These findings are fairly supported by the record and this Court finds no basis for departing from that analysis.

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the

claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

In the instant cause, the Court of Appeals articulated the Strickland standard of review (Resp. Exh. D at 6) and found Petitioner not to have shown prejudice by counsel's conduct. Such determination was not contrary to, nor involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Considering the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, the undersigned concludes that counsel's actions in advising Petitioner to plead guilty did not amount to ineffective assistance of

counsel.

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claims "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

**IT IS HEREBY RECOMMENDED** that the petition of Jimmie Mobley for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  16th  day of February, 2010.

 /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE